IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY DIX,<br><br>    Plaintiff,<br><br>vs.<br><br><br>TORRANCE STATE HOSPITAL, and<br>STACEY KEILMAN, Individually, and<br>acting in her capacity as Chief Executive<br>Officer of Torrance State Hospital,<br><br>    Defendants. | CIVIL ACTION - LAW<br>NO. 2:24-CV-1766<br>(Filed Electronically)<br><br><br><br><br>TYPE OF PLEADING:<br>Complaint<br><br>FILED ON BEHALF OF:<br>Plaintiff<br><br>COUNSEL OF RECORD<br>FOR THIS PARTY:<br><br>JEROME J. KAHARICK<br>and ASSOCIATES<br><br>Jerome J. Kaharick<br>Pa I.D. No. 61950<br>Park Building, Suite 301<br>142 Gazebo Park<br>Johnstown, PA 15901<br>(814) 539-6789<br><br>JURY TRIAL DEMANDED |

FILED

DEC 30 2024

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDY DIX,** | |
| **Plaintiff,** | **CIVIL ACTION - LAW** |
| | **NO. _____** |
| vs. | **(Filed Electronically)** |
| **TORRANCE STATE HOSPITAL, and STACEY KEILMAN, Individually, and acting in her capacity as Chief Executive Officer of Torrance State Hospital,** | |
| **Defendants.** | |

### COMPLAINT

**AND NOW**, comes the Plaintiff, Brandy Dix, by and through her attorneys, Jerome J. Kaharick and Associates, and sets forth the following Complaint, of which these averments are particularized:

### Jurisdiction and Venue

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, costs and attorney's fees for the age discrimination and retaliation suffered by the Plaintiff in her employment by the Defendant.

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), et seq., and the ADEA 29 U.S.C. § 623 et seq.

3. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1343(4) and Section 1343(4) and 42 U.S.C. Section 2000(e)-5(f). A right to sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on October 4, 2024, and received on October 5, 2024, a true and accurate copy of which is attached hereto as Exhibit "A", based upon a charge affidavit timely filed with the EEOC.

4. Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. Section 2201, Section 2202, and 42 U.S.C. Section 2000(e)(5)(g).

5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. Section 2000(e)-5(k)

and Fed. R. Civ. P. 54.

6. This action is proper in the Western District of Pennsylvania, civil division, pursuant to 29 U.S.C. Section 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. Section 2000(e)-5(f)(3) because of the unlawful employment practices committed in this judicial district.

## PARTIES

7. Plaintiff, Brandy Dix, is a citizen and resident of the United States and the State of Pennsylvania, presently residing at 348 Fifth Street, City of Seward, County of Indiana, 15954. Plaintiff's date of birth is 12/12/1974.

8. Defendant, Torrance State Hospital, located at 121 Longview Drive, P.O. Box 111, Torrance, Pennsylvania 15779, is a State facility for people with mental illness. Torrance State Hospital's current employee compliment is at 660 staff with 301 individuals residing with the facility and at all times mentioned herein, employed the Plaintiff.

9. Defendant, Stacey Keilman, located at 121 Longview Drive, P.O. Box 111, Torrance, PA 15779, is the Chief Executive Officer of Torrance State Hospital.

10. In that capacity, the Defendant, Stacey Keilman, was responsible for carrying out the policies and procedures established by Torrance State Hospital and directly responsible for the hiring, promotion, demotion, and termination of employees of Torrance State Hospital.

## COUNT I:
## AGE DISCRIMINATION

11. Paragraphs 1 through 10 of this Complaint are incorporated herein by reference as though more fully set forth at length.

12. The Plaintiff was employed by the Defendant since 2000, and worked in the capacity as a Forensic RN Supervisor at Torrance State Hospital.

13. The Plaintiff has continuously been denied use of earned compensation time while other Forensic Security employees, who are younger, and other Forensic RN's, who are younger, are allowed to exchange their vacation days for compensation time.

14. The Plaintiff was disciplined by Torrance State Hospital because of this altercation.

15. The investigation and disciplinary practices of the Defendants described above denied the Plaintiff due process of law guaranteed under the Fourteenth Amendment of the United

States Constitution in that the practices by the Defendants discriminated against the Plaintiff on the basis of age in seeking employment status with Torrance State Hospital.

**WHEREFORE**, Plaintiff prays this Court:

(a) Declare the conduct engaged in by the Defendant to be a violation of Plaintiff's rights;

(b) Enjoin the Defendant from engaging in such conduct;

(c) Award Plaintiff compensatory and punitive damages;

(d) Award Plaintiff costs and attorney's fees; and

(e) Grant such other relief as it may deem just and proper.

## COUNT II:
## RETALIATION

16. Paragraphs 1 through 15 of this Complaint are incorporated herein by reference as though more fully set forth at length.

17. The Plaintiff was engaged in protected activities, i.e., she was protesting formally and informally the discrimination she suffered as detailed in Count I above and the making of complaints to management protesting the discrimination suffered at the place of employment. The Plaintiff was continually harassed by the Defendants in the performance of her duties.

18. The Plaintiff suffered an adverse employment action.

**WHEREFORE**, Plaintiff prays this Court:

(a) Declare the conduct engaged in by the Defendant to be a violation of Plaintiff's rights;

(b) Enjoin the Defendant from engaging in such conduct;

(c) Award Plaintiff compensatory and punitive damages;

(d) Award Plaintiff costs and attorney's fees; and

(e) Grant such other relief as it may deem just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

                **JEROME J. KAHARICK and ASSOCIATES**

**Date:**                           **/s/ Jerome J. Kaharick**
                                   Jerome J. Kaharick
                                   Pa. I.D. No. 61950
                                   Park Building, Suite 301
                                   142 Gazebo Park
                                   Johnstown, PA 15901
                                   (814) 539-6789
                                   (814) 539-5934 (facsimile)
                                   jkaharick@atlanticbb.net



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 588-6905
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/04/2024

**To:** Brandy Dix
1348 Fifth Street
Seward, PA 15954
Charge No: 533-2024-02758

EEOC Representative and email:   BERNADETTE RANDOLPH
Investigator
bernadette.randolph@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Deborah Kane
10/04/2024
Deborah Kane
Area Office Director

EXHIBIT "A"

## **VERIFICATION**

I, BRANDY DIX, hereby verify that the statements contained in the foregoing document are true and correct to the best of my information, knowledge, and belief. I understand that false statements herein are made subject to the penalty of perjury pursuant to 28 U.S.C. § 1746.

Date: 12/30/24

BRANDY DIX