IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY DIX, | ) |
|           Plaintiff, | ) Civil Action No. 2:24-01766 |
| v. | ) |
| | ) Chief Judge Cathy Bissoon |
| TORRANCE STATE HOSPITAL, *et al.*, | ) |
|           Defendants. | ) |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Plaintiff's two-count Complaint (Doc. 1) asserts age discrimination (Count I) and retaliation (Count II) claims against Defendants, Torrance State Hospital and Stacey Keilman, Torrance State Hospital's Chief Executive Officer, arising out of Plaintiff's employment there. Defendants have filed a Partial Motion to Dismiss the Complaint (Doc. 9), seeking dismissal of Torrance State Hospital from Count I on sovereign immunity grounds; and dismissal of Count II in its entirety for failure to state a claim on which relief may be granted. Additionally, Defendants request dismissal of Count II against Ms. Keilman because individual employees are not subject to Title VII liability.[1] Plaintiff opposes Defendants' Motion. (Doc. 12). For the reasons set forth below, the Partial Motion to Dismiss will be granted.

---

[1] For purposes of clarity, Defendants do not move for dismissal of Count I to the extent it asserts an age discrimination claim against Ms. Keilman. The Court makes no ruling as to the merits or sufficiency of that claim.

### A. Background

Taking the Complaint's allegations as true, Plaintiff, who was born in 1974, began her employment at Torrance State Hospital in the year 2000 as a Forensic RN supervisor. Complaint (Doc. 1) ¶¶ 7, 12. Plaintiff continuously has been denied use of earned compensation time while other, younger Forensic Security employees and Forensic RNs are allowed to exchange their vacation days for compensation time. Id. ¶ 13. After complaining to management about this alleged discrimination, Plaintiff was continually harassed by Defendants in the performance of her duties. Id. ¶ 17.

### B. Eleventh Amendment Immunity

The Motion to Dismiss the ADEA claims against Defendant Torrance State Hospital on sovereign immunity grounds is granted. Torrance State Hospital is operated by the Pennsylvania Department of Human Services ("DHS"). See Anthony v. Torrance State Hosp., Civil Action No. 3:16-29, 2016 WL 4581350, at *2 (W.D. Pa. Sept. 1, 2016) (citing Nelson v. W.C.A.B. (Com.), No. 692 C.D.2015, 2015 WL 8538920, at *1 (Pa. Commw. Ct. Dec. 10, 2015)); see also Complaint ¶ 8. The DHS is an arm of the state entitled to assert Pennsylvania's Eleventh Amendment immunity. See Anthony, 2016 WL 4581350, at *2 (citing Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254-56 (3d Cir. 2010)). None of the three exceptions to sovereign immunity apply. First, Pennsylvania has not waived its sovereign immunity. See 42 Pa. Cons. Stat. § 8521(b). Second, Congress did not validly abrogate the Eleventh Amendment when it passed the ADEA. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91-92 (2000) ("[T]he ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid"); see also Def. Br. Supp. (Doc. 10) at 5 (citing additional cases). Third, DHS is not a state officer.

2

Plaintiff's opposition to this argument is misplaced. Plaintiff's only defense is that she "has made out a plausible claim of *age* discrimination and retaliation under *Title VII*" and that Congress validly abrogated the Eleventh Amendment when it enacted Title VII. Pl. Br. Opp. (Doc. 13) at 3-4 (emphasis added). Although Plaintiff is correct on the abrogation point, Title VII does not prohibit age discrimination; rather, that is the purview of the ADEA. *See, e.g.*, Faulconer v. Centra Health, Inc., 808 F. App'x 148, 153 (4th Cir. 2020). As set forth above, unlike Title VII, the ADEA has not abrogated states' sovereign immunity.

For all of these reasons, Torrance State Hospital is immune from suit, and the ADEA claims against it must be dismissed. *See* Anthony, 2016 WL 4581350, at *2; Machon v. Pennsylvania Dep't of Public Welfare, 847 F. Supp.2d 734 (E.D. Pa. 2012).

### C. Title VII Retaliation – No Individual Liability

To the extent the Complaint asserts a Title VII retaliation claim against Defendant Stacey Keilman, Defendants' Motion to dismiss that claim is granted, because "Title VII provides a cause of action only against employers." Nardella v. Philadelphia Gas Works, 621 F. App'x 105, 107 (3d Cir. 2015) (citing Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc)); *see also* Anthony, 2016 WL 4581350, at *2 (dismissing Title VII claim against CEO of Torrance State Hospital, noting that "[i]t is well established that individual employees cannot be held liable under Title VII").

### D. Title VII Retaliation – Failure to State a Claim

Defendants' Motion to Dismiss Plaintiff's Title VII retaliation claim for failure to state a claim also is granted. To state a *prima facie* retaliation claim under Title VII, a plaintiff must show that (1) she was engaged in protected activity; (2) subsequent to participation in the protected activity, she was subjected to an adverse employment action; and (3) there is a causal connection between participation in the protected activity and the adverse employment action.

3

*See* Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 192–93 (3d Cir. 2015). Defendants concede that the Complaint adequately pleads prong one of this test (protected activity). They correctly argue, however, that the Complaint's attempts to satisfy the remaining two prongs fall woefully short.

Initially, the Complaint fails to plead a sufficient adverse employment action. Indeed, the sum total of Plaintiff's allegations in this regard are that she "was continually harassed by the Defendants in the performance of her duties" and that she "suffered an adverse employment action." Complaint ¶¶ 17-18. Likewise, Plaintiff inadequately asserts causation. The Complaint is devoid of any facts concerning the timeline of the alleged retaliation in relation to her complaints of discrimination, or any other facts that would support a credible inference of a causal connection. *See* Def. Br. Supp. at 8-9. It is well-established that such bare-bones, conclusory statements fail to establish a plausible claim or otherwise satisfy the federal pleading standards. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

In short, the Complaint's vague and conclusory assertions, even if true, fail to suggest that Plaintiff could establish a *prima facie* case or otherwise show actionable retaliation. Without more information, the Court can only speculate as to whether discovery would reveal evidence to support a retaliation claim, and, thus, Plaintiff's allegations fall far short of the plausibility standard. *See* Twombly, 550 U.S. at 555.

### E.  Leave to Amend

Because amendment of the ADEA discrimination claim against Torrance State Hospital or a Title VII retaliation claim against Ms. Keilman would be futile, dismissal of those claims is with prejudice and without leave to amend.  To the extent there are facts that could establish a Title VII retaliation claim against Torrance State Hospital, Plaintiff may file a curative amendment.  The Court expects that, prior to filing, Plaintiff will evaluate carefully whether the facts support the permitted amendment[2] and cautions her that future disregard of federal pleading standards will not be met lightly.

## II.  ORDER

For these reasons, Defendant's Partial Motion to Dismiss **(Doc. 9)** is **GRANTED** as follows:

The Motion is **GRANTED WITH PREJUDICE** as to Count I (Age Discrimination) against Defendant Torrance State Hospital; and as to Count II (Retaliation) against Defendant Stacey Keilman.

The Motion is **GRANTED WITHOUT PREJUDICE** as to the remainder of the retaliation count for failure to state a plausible claim.  Given that the substantive deficiencies in

---

[2]  Of particular concern to the Court is Plaintiff's perplexing and persistent adherence to Title VII as the statutory vehicle for her age-based claims.  *See* Pl. Br. Opp. (Doc. 13) at 3 (explaining that she filed "a complaint regarding age discrimination and retaliation under 42 U.S.C. Section 2000(e) et seq.  That provision provides in part that under 2000(e)-2 that it is unlawful for an employer to fail or refuse to . . . discriminate against any individual . . because of such individual's race, color, religion, sex or national origin.  In the instant matter, the Plaintiff has made out a plausible claim of age discrimination and retaliation under Title VII."); Faulconer, 808 F. App'x at 153 ("[I]t is well-established that a Title VII retaliation claim may not be 'based on an employer's adverse response to . . . ADEA-protected conduct.'").  Because Defendants do not base their motion to dismiss the retaliation claim on this point, the Court does not address it further here, except to remind Plaintiff to remain mindful of her obligations under Rule 11 when drafting an amended pleading.

Count II conceivably may be cured by amendment, Plaintiff hereby is granted leave to file an amended complaint` on or before **January 21, 2026**.  Should Plaintiff choose to amend, she must be prepared to make last, best efforts to state viable claims, because additional leave will not be granted.  Finally, if amendment is not timely-filed, Plaintiff will be deemed to stand on her current pleadings, and the dismissal of Count II shall be converted to a dismissal with prejudice.

    IT IS SO ORDERED.

December 31, 2025

*Cathy Bissoon*
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record